J. S38012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHABORN WINSTON, | : | No. 2116 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 27, 2013,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0000689-2008

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 27, 2014**

This is an appeal from an order denying appellant's first petition filed pursuant to the Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   In addition, appellant's counsel has filed a petition in this court in which he seeks to withdraw his representation of appellant and a "no-merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).   We grant counsel's petition to withdraw and affirm the order dismissing appellant's PCRA petition.

On October 9, 2008, appellant entered a guilty plea to aggravated assault for kicking a police officer in the face in the course of being arrested. On November 13, 2008, appellant was sentenced to a term of imprisonment of 4 months to 23 months to be followed by 12 months of probation.   No

direct appeal was filed. On May 15, 2013, appellant filed a ***pro se*** PCRA petition. Counsel was appointed and subsequently filed a ***Turner/Finley*** no-merit letter contending that appellant was not eligible for relief. An evidentiary hearing was conducted on June 27, 2013. At the conclusion of the hearing, the PCRA court dismissed appellant's petition. This appeal followed.

This court has explained the procedure for counsel seeking to withdraw on collateral appeal:

> ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed ***pro se*** or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of ***Turner/Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner/Finley*** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will

> permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted).

PCRA counsel has filed a *Turner/Finley* no-merit letter with this court detailing the nature and extent of his review. PCRA counsel has also filed a motion with this court seeking to withdraw his appearance on appellant's behalf. While counsel did not send a separate letter or statement advising appellant of his right to proceed *pro se* or with new counsel, counsel did advise appellant in the last paragraph of his no-merit letter that "If the Superior Court grants my request to withdraw, you may proceed on your own or with the aid of private counsel to pursue a review of the issue that the undersigned attorney believes are meritless." (No-merit letter at 6.)[1] Therefore, we conclude that PCRA counsel has satisfied the prerequisites of *Turner/Finley*.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings

---

[1] Additionally, we note that this court advised appellant of his rights to file a *pro se* response and/or hire a private attorney in an order issued on April 11, 2014. A *pro se* response was filed by appellant on May 2, 2014.

will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008).

Appellant's judgment of sentence became final on Monday, December 15, 2008, 30 days after the judgment of sentence was entered, and the time for seeking direct appeal before this court expired.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. The instant petition, filed May 15, 2013, is manifestly untimely, and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant has failed to invoke any time of filing exception; thus, his untimely petition cannot be reviewed for lack of jurisdiction.

Furthermore, as appellant is no longer serving the sentence imposed on this conviction, he is clearly ineligible for relief. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for relief petitioner must plead and prove that

---

[2] The actual 30th day, December 13, 2008, fell on a Saturday. Consequently, that day, as well as the next day Sunday, December 14th, are not included in the computation of time. 1 Pa.C.S.A. § 1908.

he has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted currently serving a sentence of imprisonment, probation or parole for the crime). Moreover, even where the petition is filed while the sentence is still being served, the petitioner is ineligible for relief if the sentence is completed before the petition is resolved. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997).

We are aware appellant filed a ***pro se*** statement in response to counsel's no-merit letter. Appellant claims he did not understand his plea agreement and would like to change it. Appellant asserts that his public defender and the judge were aware of his low I.Q. and they should not have taken a plea from him. We have reviewed the notes of testimony from the June 27, 2013 PCRA hearing. Appellant indicated to the court that he was struggling getting a job because of his felony conviction. Judge Dantos listened to everything appellant had to say, and she responded:

> I understand what you're saying but the law doesn't let us do anything about those things. And I am sorry that you're struggling getting a job because of the conviction. I don't think you're mentally retarded. I'm not an expert but I've been dealing with you for a while.

Notes of testimony, 6/27/13 at 14. The judge further noted:

> [The officer] was prepared to take this to trial and go for it. And so [the public defender] negotiated you a good deal. It was a cap of five months. And I know you don't like it. I know it's causing you problems. I am really glad that you've not been in trouble since then. But there's nothing that the law can do for you in this situation. I'm sorry.

*Id.* at 19.

The **Ahlborn** court also ruled that under the PCRA, even where the petitioner may yet be suffering collateral criminal consequences, he or she is nonetheless ineligible for relief where the actual sentence has been completed. *Id.*, 699 A.2d at 720-721. Accordingly, appellant is ineligible for relief under the PCRA.

Accordingly, having found no error on appeal, we will affirm the court below.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014